Mabel M. L. Woodward
vs.                     No. 79839.
George M. Wilbur

July 12, 1932.

CARPENTER, J. This is an action brought by the plaintiff to recover damages for personal injuries alleged to have been sustained by the plaintiff while riding, as a passenger, in an automobile operated by the defendant.

The case was tried before a jury and a verdict was returned for the plaintiff in the sum of $6,920.

The case is now before this Court on the defendant's motion for a new trial. The motion is based upon the usual grounds and also upon the ground of newly discovered evidence.

It appeared from the evidence that the defendant is an undertaker in Warren and that he had charge of a funeral and furnished automobiles for the mourners; that while the funeral procession was travelling along one of the highways of East Providence, an automobile, which was travelling with the procession and as a part of it, went off the road, down an embankment, and tipped over. The plaintiff, as one of the mourners, was riding in this machine and, as a result of the machine going off the road, was injured rather seriously. The evidence tended to show that the automobile was tipped over through the negligence of the defendant.

The jury by their verdict found that the plaintiff, while in the exercise of

due care, was injured because of the negligence of the defendant. The evidence fully justified the verdict both as to the liability and as to the amount of the damages.

The motion for a new trial alleges that the defendant has discovered new evidence which is set forth in affidavits.

During the trial of the case, the plaintiff was examined as to whether or not she had been bitten by a dog suffering from the rabies. It further appeared in the trial that the defendant knew of evidence which tended to show the fact that the plaintiff was bitten by a dog. Therefore, the Court does not feel that the facts set out in the affidavits come within the newly discovered evidence rule. If the defendant had facts in his possession which he could use in his defense, it was his duty then to place the facts before the jury.

Motion for a new trial denied.

Plaintiff's attorney: Ralph M. Greenlaw.

Defendant's attorney: Louis W. Dunn.